NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LISA PAPAZACHARIS,                :

       Plaintiff,     :

                          Civil Action No. 04-1431(JWB)

    v.                       :

                               **O P I N I O N**

CONTINENTAL AIRLINES,             :
MELINDA DAVIS and
MIKE MOBERG,                      :

       Defendants.    :

**APPEARANCES**:

    KRUMHOLZ DILLON
    By:  Alan L. Krumholz, Esquire
    574 Summit Avenue
    Jersey City, New Jersey  07306
    (Attorneys for Plaintiff)

    REED SMITH
    By:  Robert H. Bernstein, Esquire
         Stephen D. Bird, Esquire
    One Riverfront Plaza, First Floor
    Newark, New Jersey  07102-5400
    (Attorneys for Defendant
    Continental Airlines, Inc.)

**BISSELL**, Chief Judge

This case is before the Court on a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) by defendants Continental Airlines, Inc. ("Continental"), Melinda Davis ("Ms. Davis"), and Michael Moberg ("Mr. Moberg") (collectively "defendants").

**FACTS**

Plaintiff Lisa Papazacharis ("Ms. Papazacharis" or "plaintiff"), formerly known as Lisa Gilchrist and Lisa Gonzalez, is a black female who was employed by Continental beginning May 1, 1990 until April 19, 2002. (See Compl. at 2-3). Plaintiff's employment with Continental was subject to a collective bargaining agreement ("CBA") between Continental and her union, the International Association of Machinists and Aerospace Workers ("IAM"). (See Defendants' Br. at 1).

On December 9, 2000 plaintiff was involved in an automobile accident that resulted in an injury causing back and neck pain. (See Compl. at 3-4). Following this injury, plaintiff missed several days of work. (See id at 4-7). Furthermore, there was a disagreement between plaintiff and defendants regarding her required training that took place in September 2001. (See id. at 5). In October 2001, plaintiff was removed from a flight. (See id.) Thereafter on November 14, 2001, plaintiff received a Termination Warning. (See id. at 6). Subsequently, as a result of an incident on a January 9, 2002 flight where plaintiff was working, a passenger filed a complaint against plaintiff with Continental. (See Defendants' Br. at 9). Following these incidents, among others, plaintiff met with Continental on April 19, 2002 where her employment was terminated. (See id. at 9). Plaintiff's termination was presented in the form of a

-2-

Termination Letter dated April 23, 2002.  Continental cited "excessive" absences from work (referring to "four lost time instances within a 12 active month period").  (See id. at 20).  Continental also cited her "overall poor performance as well as an unacceptable level of dependability."  (Id.)

On May 10, 2002, plaintiff and the IAM challenged her termination by utilizing the CBA's grievance process.  (See id. at 11).  In compliance with the CBA, a Step 1 hearing was held on September 24, 2002 where the termination decision was upheld.  (See id.)  The IAM appealed this decision and, pursuant to the terms of the CBA, a Step 2 decision was issued on January 14, 2003, also upholding the termination.  (See id. at 12-13).  Thereafter, the IAM did not pursue arbitration.  (See id. at 13).

On February 14, 2003, plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (See Compl. at 8).  On January 4, 2004 plaintiff received her Notice of Right to Sue from the EEOC.  (See id.)

**PROCEDURAL HISTORY**

Plaintiff filed a seven-count Complaint against her former employer, Continental, on March 29, 2004.  The Complaint was also against her former supervisors at Continental, Ms. Davis and Mr. Moberg.  In an Order entered June 19, 2004, this Court dismissed with prejudice three of the counts in the Complaint.  See Papazacharis v. Continental Airlines, Inc., et al., Civil 04-

1431(JWB) (Order dated June 29, 2004).  The counts dismissed were:  Count Four (violations of 42 U.S.C. § 1983); Count Six (breach of an employment contract); and Count Seven (intentional infliction of emotional stress).  (See id.)  The remaining counts in the Complaint are:  Count One (violations of the Americans with Disabilities Act of 1990); Count Two (violations of the New Jersey law Against Discrimination ("NJLAD")); Count Three (violation of the Family and Medical Leave Act); and Count Five (violations of Title VII of the Civil Rights Act of 1964).

Defendants brought the current motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

### I. Standard of Law Applied to Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Challenges to subject matter jurisdiction through a Rule 12(b)(1) motion to dismiss come in two different forms - facial and factual attacks.  A facial attack questions the sufficiency of the pleading.  In reviewing a facial attack, a trial court accepts the allegations in the complaint as true.  When a court reviews a complaint under a factual attack, however, the allegations have no presumptive truthfulness and the court, in weighing the evidence, has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts.  1 Moore's Federal Practice, § 12.30[4] (Matthew Bender, 3d ed.)  The Court is not confined to

allegations in plaintiff's Complaint, but may consider the affidavits, certifications, exhibits and deposition testimony submitted to this Court to resolve the factual issues bearing on jurisdiction.  The Court must be careful, however, not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case and, thus, must tread lightly in its consideration of the facts concerning jurisdiction.  Dugan v. Coastal Industries, Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000).

The party invoking federal jurisdiction bears the burden of establishing that such jurisdiction exists.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222 (1991).  However, the burden is light; dismissal for lack of jurisdiction is only appropriate where the right claimed "is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy."  Dugan, 96 F. Supp. 2d at 483 (citing Growth Horizons, Inc. v. Delaware County, 938 F.2d 1277, 1280-81 (3d Cir. 1995)).

**II.  Analysis**

The defendants argue that the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq., preempts the plaintiff's claims and, therefore, the Court does not have jurisdiction over this matter.

(See Defendants' Br. at 1). The RLA requires employers and employees to establish a mandatory and exclusive arbitration procedure for resolving "minor disputes." 45 U.S.C. § 184; see also Association of Flight Attendants, AFL-CIO v. USAir, Inc., 960 F.2d 345 (3d Cir. 1992). According to defendants, the instant action brought by the plaintiff is a minor dispute within the meaning of the RLA; therefore, this Court does not have jurisdiction. (See Defendants' Br. at 14).

Plaintiff argues that "although the CBA does contain detail regarding absences, medical leave, etc., the issue before this court [sic] is not whether or not the rules of the CBA were 'followed', but whether the implementation of the rules of the CBA violated plaintiff's rights under the NJ LAD as a form of disability discrimination under N.J.S.A. 10:5-4.1." (See Plaintiff's Reply at 12).

This Court finds that, based on established law, plaintiff's claims are "minor disputes" within the meaning of the RLA and, therefore, this Court does not have jurisdiction. The RLA defines a "minor dispute" as growing "out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151. According to the United States Supreme Court, a minor dispute involves "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." Hawaiian

Airlines, Inc. v. Norris, 512 U.S. 246, 253 (1994) (quoting Trainmen v. Chicago R. & I.R. Co., 353 U.S. 30, 33 (1957). In contrast, the Supreme Court stated that "major disputes relate to the formation of collective bargaining agreements or efforts to secure them." (Id. at 252). In sum, "major disputes seek to create contractual rights, minor disputes to enforce them." (Id. at 253). Furthermore, the Third Circuit has stated that claims of wrongful termination are "minor disputes." See e.g., McQuestion v. New Jesey Trans. Rail Ops., 30 F.3d 388, 396 (3d Cir. 1994); Capraro v. United Parcel Service, Co., 993 F.2d 328, 333 (3d Cir. 1993).

Based on the Supreme Court and Third Circuit standard, it becomes clear that the dispute in the current case falls under the purview of a "minor dispute" within the meaning of the RLA. Plaintiff is attempting not to "create contractual rights," but to "enforce them" by contesting the grounds of her termination from employment.

Moreover, where a claim is "based on a matrix of facts which are inextricably intertwined with the grievance machinery of the collective bargaining agreement" that claim is to be considered a "minor dispute" and the district court is divested of jurisdiction. Magnuson v. Burlington Northern, Inc., 576 F.2d 1367, 1369 (9th Cir. 1978); see also Underwood v. Trans World Airlines, Inc., 710 F. Supp. 78, 85-86 (S.D.N.Y. 1989).

In this case, the claim is inextricably intertwined with the CBA because plaintiff is asking the Court to evaluate her termination which is governed by the CBA.  This Court cannot make a decision in this case without looking to and interpreting the CBA.  Hence, the current case falls squarely within the niche carved out by the RLA that requires mandatory arbitration and divests a district court of jurisdiction over other federal "claims."  For that reason, defendants' motion to dismiss Counts One, Three and Five pursuant to Fed. R. Civ. P. 12(b)(1) is granted.  This dismissal is with prejudice to the extent that it precludes plaintiff from pursuing these claims in a federal court, but without prejudice to her right, if any, to pursue them in the proper forum.

The Court will now briefly address Count Two which alleges violation of NJLAD.  Because all federal claims are now dismissed, the Court will "decline to exercise supplemental jurisdiction over" this state-law claim; therefore, it also is dismissed pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is granted.

```
                           /s/    John W. Bissell
                                JOHN W. BISSELL
                                  Chief Judge
                           United States District Court
```

DATED:  July 28, 2005